UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER COON,

    Plaintiff,

    v.

TRANS AM FINANCIAL SERVICES,

    Defendant.

Case No. 24-4025-DDC-RES

**REPORT AND RECOMMENDATION**[1]

This matter comes before the Court on Plaintiff Christopher Coon's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 2. For the reasons explained below, the Magistrate Judge recommends that the District Judge deny the Application and direct Plaintiff to pay the filing fee within thirty days of an order on this Report and Recommendation. The Magistrate Judge further recommends that the District Judge caution Plaintiff that failure to pay the filing fee by the deadline will likely result in the dismissal of this case without prejudice.

28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on a motion for leave to proceed in forma pauperis ("IFP"), the movant "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Proceeding IFP "in a civil case is a privilege, not

---

[1] The Magistrate Judge issues this Report and Recommendation pursuant to *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), which explains that denial of an IFP motion is a dispositive matter and that a magistrate judge is required to issue a report and recommendation to a district judge.

a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the Court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Plaintiff's declaration does not establish that he is unable to pay the filing fee.[2] When evaluating IFP motions, courts generally compare the movant's monthly expenses to monthly income. *Roman v. Miller*, No. 23-1208-KHV-BGS, 2023 WL 7308055, at *1 (D. Kan. Oct. 3, 2023) (citing cases). Here, Plaintiff's declaration states that he is currently employed, and his monthly take-home pay totals $6,500. ECF No. 1 at 1, ¶ 2. The declaration also lists the following monthly expenses: a house payment totaling $1,733.00; auto payments of $981.00 and $958.00; utilities totaling $500; groceries totaling $750; and insurance payments totaling $415.00.[3] Based on the figures provided by Plaintiff, it appears that his monthly income exceeds his monthly expenses by $1,163, which exceeds the $405 filing fee for civil cases. Although Plaintiff states that he has no cash on hand, the Magistrate Judge recommends that the District Judge allow Plaintiff 30 days to pay the filing fee in order to provide Plaintiff with sufficient time to save the necessary funds.

Judges in this district have denied IFP motions when monthly income exceeds monthly expenses by an amount that would enable the movant to pay the filing fee, even when the movant does not currently have enough cash on hand to pay the filing fee. *See e.g.*, *Brown v. Titan Prot.*

---

[2] Plaintiff has utilized the Administrative Office of the U.S. Courts' form application rather than this District's form affidavit of financial status, which is available on the District's website. The type of information requested by both forms is largely the same, and so the Magistrate Judge issues this Report and Recommendation based on Plaintiff's present submission.

[3] The declaration also states that Plaintiff does not own automobiles, real estate, stocks, bonds, security, trusts, artwork, or other financial instruments or things of value. ECF No. 1 at 2, ¶ 5. It additionally states that Plaintiff has unspecified business debts that "are currently on hold pending this lawsuit." *Id.* at ¶ 8.

*& Consulting*, No. CV 21-2122-SAC-TJJ, 2021 WL 1760310, at *2 (D. Kan. Mar. 19, 2021) (recommending denial of IFP status when plaintiff had only $50 on hand but had more than $1,200 in excess monthly income), *report and recommendation adopted*, No. 21-2122-SAC-TJJ, 2021 WL 1760316 (D. Kan. Apr. 12, 2021).[4]

Because Plaintiff appears to have a more than $1,100 in excess monthly income—far exceeding the $405 filing fee—Plaintiff has not established that his access to the Court would be seriously hampered by requiring him to pay the filing fee, and he has not established an inability to pay the filing fee.  For these reasons, the Magistrate Judge recommends that the District Judge deny the Application and direct Plaintiff to pay the filing fee within thirty days of an order on this Report and Recommendation.  The Magistrate Judge further recommends that the District Judge caution Plaintiff that failure to pay the filing fee by the deadline will likely result in the dismissal of this case without prejudice.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy.  If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

---

[4] There are numerous other examples of cases in which judges in this District have denied IFP motions when the movant's monthly income exceeded the movant's monthly expenses by an amount that would enable the movant to pay the filing fee.  *See James v. U.S. Coast Guard*, No. 18-4063-DDC, 2018 WL 4492995, at *1 (D. Kan. July 13, 2018) (more than $1,200 in excess income), *report and recommendation adopted*, No. 18-4063-DDC-KGS, 2018 WL 4492974 (D. Kan. July 31, 2018); *Neighbors v. Smith*, No. 17-4028-DDC, 2017 WL 8944001, at *2 (D. Kan. Apr. 11, 2017) (more than $800 in excess income), *report and recommendation adopted*, No. 17-CV-04028-DDC-KGS, 2017 WL 1951000 (D. Kan. May 11, 2017); *Mays v. Kansas City*, No. 15-9047, 2015 WL 3948101, at *2 (D. Kan. June 29, 2015) ($500 in excess income).

4

Dated: April 11, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

4