# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTOPHER COON,

                Plaintiff,

v.                                                                                   Case No. 24-4025-DDC-RES

TRANS AM FINANCIAL SERVICES,

                Defendant.

## MEMORANDUM AND ORDER

On April 8, 2024, pro se[1] plaintiff Christopher Coon filed a Complaint alleging breach of contract against defendant Trans Am Financial Services. Doc. 1. On the same day, plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2. United States Magistrate Judge Rachel E. Schwartz recommended that the court deny plaintiff's Application. Doc. 4. Plaintiff then filed an Objection to this Report and Recommendation. Doc. 7. The court reviews Magistrate Judge Schwartz's conclusion de novo and—in light of additional evidence—sustains plaintiff's Objection. The court explains this decision, below, beginning with the standard of review.

---

[1] Plaintiff proceeds pro se, so the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and internal quotation marks omitted).

## I.        Standard of Review

Denying an Application like the one at issue here is a dispositive matter.  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310–12 (10th Cir. 2005) (explaining that denying a "truly indigent claimant" leave to proceed without paying fees bars the claimant from proceeding at all in district court and identifying such denial as "a dispositive matter").  Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition.  Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  When deciding this kind of issue, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).

"In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation."  *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) (citing *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995)).  And, as just stated, a court may "receive further evidence" when deciding an objection to the magistrate judge's recommendations.  *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).  "Whether to receive additional evidence is committed to the Court's sound discretion."  *Kelly-Leppert*, 2020 WL 2507634, at *2 (citing *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006)).

2

## II.        Law Regarding Proceeding Without Prepaying Fees or Costs

According to 28 U.S.C. § 1915(a), if a person submits an affidavit that includes a statement of all his assets and shows that the person is unable to pay fees, any court of the United States may authorize commencement of any suit without prepayment.  Courts refer to this situation as a litigant proceeding in forma pauperis (IFP).  *Smith v. Torrez*, 428 F. Supp. 3d 629, 632 (D.N.M. 2019).  This IFP status "was intended for the benefit of those too poor to pay or give security costs."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a person needn't display that he is "'absolutely destitute'" to proceed IFP, if "his monthly income exceeds his monthly expenses by a few hundred dollars[,]" then he has "sufficient income to pay the filing fees[.]"  *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (quoting *Adkins*, 335 U.S. at 339).

An "application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).  To evaluate the application, a district court "should examine the papers and determine if the requirements of 28 U.S.C. § 1915(a) are satisfied.  If they are, leave should be granted."  *Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (internal quotation marks, brackets, and citation omitted).  If the court later discovers that "'the allegations of poverty are untrue, it can dismiss the proceeding[.]'"  *Smith*, 428 F. Supp. 3d at 633 (quoting *Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962)).

## III.        Analysis

Plaintiff's initial Application, evaluated in isolation, doesn't establish that he is unable to pay the court's filing fee.  Plaintiff's listed monthly expenses total $5,337.00.  Doc. 2 at 2.  And his listed take-home pay is $6,500.00 per month.  *Id.* at 1.  After examining that Application, which purports to inform the court of plaintiff's "present financial status," *Scherer*, 263 F. App'x

at 669, it's not surprising Magistrate Judge Schwartz determined that plaintiff's "declaration does not establish that he is unable to pay the filing fee." Doc. 4 at 2. She reached this conclusion by comparing plaintiff's monthly income to his monthly expenses and found that he had "more than $1,100 in excess monthly income." *Id.* at 3. And the Tenth Circuit has determined that a monthly income that exceeds monthly expenses even "by a few hundred dollars" is "sufficient income to pay the filing fees[.]" *Brewer*, 24 F. App'x at 979.

But plaintiff's Objection provides new evidence which alters the court's thinking. And the statute governing this court's review of Magistrate Judge Schwartz's Report and Recommendation permits the court to receive more evidence when conducting its review. 28 U.S.C. § 636(b)(1)(C). In his Objection, plaintiff avers that he has "suffered a severe loss in Financial Support due to the loss of his business." Doc. 7 at 1. He had to "cease operations of his company[,]" "[t]erminate all employees," and he "still has to pay off all the vendors[.]" *Id.* at 2. And plaintiff asserts that he "has had to seek Financial Hardship to help cover His House Payment from the Mortgage Company." *Id.* at 1. This paints a far bleaker picture of plaintiff's "present financial status" than plaintiff's initial Application. *Scherer*, 263 F. App'x at 669. And it suggests as well that plaintiff's monthly income doesn't exceed his monthly expenses—at least not anymore. The court, in its discretion, elects "to receive [this] additional evidence[.]" *Kelly-Leppert*, 2020 WL 2507634, at *2. And, with this additional evidence in view, the court determines that plaintiff may proceed IFP, that is, without prepaying filing fees. If the court later discovers "the allegations of poverty are untrue," it may remedy the situation with dismissal. *Smith*, 428 F. Supp. 3d at 633 (citation and internal quotation marks omitted).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Christopher

Coon's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is

granted.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher Coon's Objection to the

Report and Recommendation (Doc. 7) is sustained and the Report and Recommendation (Doc. 4)

is rejected.

**IT IS SO ORDERED.**

**Dated this 9th day of May, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**